IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN WITBECK,** | : | Civil No. 1:17-cv-0498 |
| **Plaintiff,** | : | |
| v. | : | |
| **EQUIPMENT TRANSPORT, LLC,** | : | |
| **Defendant.** | : | Judge Sylvia H. Rambo |

## <u>M E M O R A N D U M</u>

Plaintiff Bryan Witbeck ("Plaintiff") asserts that Defendant Equipment Transport, LLC's ("Defendant") decision to terminate his employment violated federal and state anti-discrimination and retaliation statutes and the Family and Medical Leave Act ("FMLA"). Before the court for disposition is Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons explained below, the court will grant the motion as to Count II insofar as Plaintiff is asserting an FMLA interference claim, but will deny the remainder of the motion.

### I. <u>Background</u>

As recited in the complaint, Plaintiff was employed by Defendant for approximately four years as a full-time truck supervisor and occasionally as a commercial truck driver. (Doc. 1, ¶¶ 11-12.) As a result of a heart attack, Plaintiff

suffers from ongoing heart and cardiovascular problems. (*Id*. at ¶ 16.) At times, these conditions "limited Plaintiff's ability to work, his breathing, [and] his respiratory and circulatory functions (among other impacts)." (*Id.* at ¶ 17.) In January 2016, he underwent surgery to have a defibrillator implanted in his chest. (*Id.* at ¶ 18.) As a result of this surgery, Plaintiff missed approximately two weeks of work in late January and early February 2016, and had some temporary medical restrictions, including limits with lifting, pushing and pulling. (*Id.* at ¶¶ 18-19.)

Throughout his employment, Plaintiff's supervisors generally considered him to be a very good employee, but their demeanor and attitude toward him changed in 2015 as he began to experience his health problems. (*Id.* at ¶¶ 14, 17.) Leading up to and following his surgery, his supervisors became "very condescending toward [him] and expressed annoyance" with his requests for time off and light-duty jobs. (*Id.* at ¶ 20.)

On February 23, 2016,[1] following his return to work from his medical leave of absence, Plaintiff was terminated from his employment for "unsatisfactory performance," purportedly for providing false information to his manager regarding an accident that occurred earlier that same day. (*Id.* at ¶¶ 21-24.)

---

[1] Although the complaint twice states that Plaintiff was terminated on or about February 23, 2017, the court assumes for purposes of the instant motion that Plaintiff was terminated on February 23, 2016.

2

However, prior to Plaintiff's termination, Defendant had already begun searching for his replacement. (*Id*. at ¶ 26.)

In response to his termination, Plaintiff filed a three-count complaint. (Doc. 1.) Count I asserts disability discrimination and retaliation claims in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101; Count II asserts interference and retaliation claims in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§2601; and Count III asserts discrimination and retaliation claims under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. St. Ann. § 951. On May 19, 2017, Defendant filed a motion to dismiss the complaint in its entirety. (Doc. 7.) The parties then briefed the issues, bringing this matter to its current procedural posture.

## II. <u>Standard of Review</u>

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's short and plain statement of the claim must "give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted) (citing *Twombly*, 550 U.S. at 555, 557). However, this "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *West Penn Allegheny Health Sys. Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (citing *Phillips*, 515 F.3d at 234).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id*. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id*. Finally,

4

the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. Discussion

### a. Discrimination Claims[2]

Defendant first seeks dismissal of Plaintiff's claims of disability discrimination on the grounds that Plaintiff has failed to plead facts showing that he is disabled within the meaning of the ADA and that he suffered an adverse employment action because of his disability. Plaintiff argues in opposition that he has, in fact, pled sufficient facts to establish a claim.

The ADA protects "qualified individual[s]" from discrimination by employers "on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim for employment discrimination under the ADA, a plaintiff must demonstrate that he is a "qualified individual with a disability"

---

[2] Relying on the same facts forming the basis of his ADA claims, Plaintiff also alleges violations of the PHRA. The ADA and PHRA are coextensive. Therefore, the court's analyses of Plaintiff's ADA claims apply equally to his PHRA causes of action. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

5

within the meaning of the Act, and that he has suffered an adverse employment decision as a result of discrimination. *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001). A "qualified individual with a disability" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. 12102(2). Major life activities can include, among other things, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Turning to the instant case, Plaintiff alleges in his complaint that he had a heart attack and suffers from ongoing heart and cardiovascular problems, that these impairments lasted through at least the last year of his employment, and that these conditions at times limited his ability to work, his breathing, and his respiratory and circulatory functions. (Doc. 1, ¶¶ 16-17.) He further alleges that he requested and took time off from work to undergo surgery for his heart-related medical conditions and that he had some temporary medical restrictions at work as a result

of the surgery. (*Id.* at ¶¶ 18-19.) These factual assertions are more than sufficient to give rise to a plausible inference that Plaintiff is disabled within the meaning of the ADA.

Plaintiff has also pled that he suffered an adverse employment action in that he was actually terminated from his employment as a result of his disability rather than for poor performance. He avers that the timing alone between his return to work following surgery and the termination of his employment approximately one month later is sufficient to establish causation at the pleading stage. Defendant argues, however, that a temporal gap of one month alone is not sufficient to demonstrate a causal connection, especially when Plaintiff kept Defendant abreast of his health concerns throughout 2015. Instead, Defendant maintains that Plaintiff was terminated for providing false information regarding the accident.

While the actual reason for Plaintiff's termination remains unclear, discovery could lead to evidence supporting Plaintiff's contention that Defendant's reason for discharging him, *i.e.*, providing false information, may have been a pretext for disability discrimination. Accordingly, Plaintiff has sufficiently pled a prima facie case of disability discrimination under the ADA.

### b. Retaliation Claims

Defendant also seeks to dismiss Plaintiff's retaliation claims on the basis that Plaintiff has failed to allege he requested an accommodation because of his disability. To establish a prima facie case of retaliation under the ADA, a plaintiff must show that: (1) he engaged in a protected activity; (2) he experienced an adverse employment action either after or contemporaneous with the protected activity; and (3) there is a causal link between the protected activity and the adverse employment action. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). Under the ADA, "[r]equesting an accommodation is a protected activity . . . ." *Sowell v. Kelly Servs., Inc.*, 139 F. Supp. 3d 684, 702 (E.D. Pa. 2015) (first citing *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 191 (3d Cir. 2003) (and then citing *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 188 (3d. Cir. 2010)).

Plaintiff contends that he sought accommodations when he requested and took time off for surgery and when he requested light-duty work because of his temporary medical restrictions. (Doc. 9, p. 22 of 34.) Taking the allegations of the complaint and all reasonable inferences therefrom as true, the court finds that Plaintiff has adequately set forth a retaliation claim. Plaintiff requested reasonable accommodations in the form of medical leave and light-duty work, and was

terminated shortly after making both requests. At this early stage of the litigation, such allegations are sufficient to survive Rule 12(b)(6) scrutiny.

### c. FMLA Claims

Finally, Defendants move to dismiss Plaintiff's FMLA claim. The FMLA entitles "employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(2). Eligible employees are entitled to twelve workweeks of leave during any twelve-month period. 29 U.S.C. § 2612(a)(1).

The FMLA contains two relatively distinct provisions prohibiting employers from (1) interfering with, restraining, or denying the exercise of or attempt to exercise any right provided under the FMLA, 29 U.S.C. § 2615(a)(1); and (2) discharging or discriminating against any individual for opposing any practice made unlawful by the FMLA, 29 U.S.C. § 2615(a)(2). Here, Plaintiff has alleged claims of FMLA interference and retaliation.

### a) FMLA Interference

To establish a claim for interference under the FMLA, a plaintiff must establish that: (1) he was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) he was entitled to FMLA leave; (4) he provided notice to the defendant of his intention to take

FMLA leave; and (5) he was denied benefits to which he was entitled under the FMLA." *Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014) (citation omitted); *see also Sommer v. Vanguard Grp.*, 461 F.3d 397, 399 (3d Cir. 2006) (observing that an interference claim requires an employee to show that he was not only entitled to FMLA benefits but also that he was denied those benefits). "Unlike an FMLA retaliation claim, "[a]n interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA." *Capps v. Mondelez Global*, 847 F.3d 144, 155 (3d Cir. 2017) (quoting *Callison v. City of Phila.*, 430 F.3d 117, 120 (3d Cir. 2005).

Plaintiff's interference claim fails because he is unable to satisfy the fifth requirement—that he was denied a benefit to which he was entitled under the FMLA. While he argues that his termination amounted to a deprivation of benefits and therefore constituted interference, the Third Circuit "ha[s] made it plain that, for an interference claim to be viable, the plaintiff must show that FMLA benefits were actually withheld." *Capps*, 847 F.3d at 156 (quoting *Ross*, 755 F.3d at 192). Plaintiff has failed to allege any such facts, and therefore Defendant's motion to dismiss his FMLA interference claim will be granted. However, the court will provide Plaintiff an opportunity to amend his claim.

### b) FMLA Retaliation

To establish a claim for retaliation under the FMLA, a plaintiff must show that (1) he invoked his right to FMLA benefits, (2) he suffered an adverse employment action, and (3) the adverse decision was causally related to the invocation of his rights. *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 509 (3d Cir. 2009). Defendant's motion to dismiss only attacks the third element, that is, the existence of a causal link between the protected activity and the adverse employment action.

"To demonstrate a causal connection, a plaintiff must generally establish 'either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism, coupled with timing to establish a causal link.'" *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 258 (3d Cir. 2014) (quoting *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 245, 258 (3d Cir. 2007)).

Although the passage of one month between Plaintiff's FMLA leave and his termination may not, as Defendant's argue, constitute an unusually suggestive temporal proximity, Plaintiff alleges that management was "very condescending" toward him and "expressed annoyance" when he requested FMLA leave. He further alleges that, shortly after utilizing his leave, Defendant sought his replacement and manufactured a reason to terminate his employment. Viewing

11

Plaintiff's allegations as true, Plaintiff has sufficiently pled a causal connection between his protected activity and Defendant's decision to terminate his employment. Thus, the court will deny defendant's motion to dismiss Plaintiff's FMLA retaliation claim.

## IV. Conclusion

Based upon the above reasoning, the court will grant in part and deny in part Defendant's motion to dismiss the complaint. The court will dismiss Plaintiff's FMLA interference claim without prejudice and provide Plaintiff fourteen days to properly allege all elements of the complaint. The court will deny Defendant's motion to dismiss in all other respects. An appropriate order follows.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: December 27, 2017