IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN WITBECK, | : CIVIL ACTION NO. 1:17-CV-498 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| EQUIPMENT TRANSPORT, LLC, | : |
| Defendant | : |

**MEMORANDUM**

Defendant Equipment Transport, LLC ("Equipment Transport"), filed a pretrial omnibus motion (Doc. 63) *in limine* seeking to exclude more than a dozen categories of evidence from use at trial. Plaintiff Bryan Witbeck concurs in six motions and opposes the others.

**I.      Factual Background & Procedural History**

Equipment Transport terminated Witbeck from his position as a truck supervisor on February 23, 2017. (See Doc. 45 at 3-4). Witbeck alleges Equipment Transport discriminated against him on account of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. AND CONS. STAT. ANN. § 951 *et seq.*; and retaliated against him for requesting leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* The facts underlying this lawsuit are detailed in the court's Rule 56 opinion and are incorporated herein by reference. (See Doc. 45).

Trial is scheduled to commence on May 16, 2022.  In advance of trial, Equipment Transport filed an omnibus motion seeking exclusion of numerous categories of evidence at trial.  The omnibus motion is now fully briefed and ripe for disposition.

**II.     Discussion**

Equipment Transport's omnibus motion contains 17 motions *in limine*. (See Doc. 63).  Witbeck concurs in six motions and opposes the balance at least in part.  We will dispense with the motions the parties agree upon first and then address the opposed motions *seriatim*.

**A.     Concurred-in Motions**

Equipment Transport and Witbeck concur on excluding (1) evidence concerning Equipment Transport's insurance coverage (Motion No. 1); (2) references to any other litigation against Equipment Transport (Motion No. 6); (3) references to any adverse publicity related to Equipment Transport (Motion No. 7); (4) references to any settlement negotiations between the parties (Motion No. 11); (5) any evidence related to complaints or allegations of discrimination, harassment, or retaliation against Equipment Transport brought by individuals other than Witbeck and concerning protected traits other than those at issue in this case (Motion No. 12); and (6) any references to damages values or verdict amounts during *voir dire* or opening statements (Motion No. 17).  We will grant the concurred-in motions.

### B.     Opposed Motions

In the opposed motions, Equipment Transport seeks to preclude a wide variety of evidence, statements, and subject matter from being heard by the jury.  Equipment Transport primarily argues the evidence in question either lacks relevance under Federal Rules of Evidence 401 and 402 or risks unfair prejudice under Rule 403.

Evidence is relevant when it tends to "make a fact more or less probable than it would be without the evidence" and that fact is consequential to the outcome of the case.  See FED. R. EVID. 401.  Rule 401's definition of relevant evidence is "very broad" and "does not raise a high standard."  See Moyer v. United Dominion Indus., Inc., 473 F.3d 532, 544 (3d Cir. 2007) (citation omitted).  The court, in its discretion, may nonetheless exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice."  See FED. R. EVID. 403.  Rule 403 is meant to guard against unfair prejudice, not all prejudice.  See United States v. Cunningham, 694 F.3d 372, 390 (3d Cir. 2012).  Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  See FED. R. EVID. 403 advisory committee's note to 1972 proposed rules.

#### 1.     *Motion No. 2: Back Pay and Front Pay*

Equipment Transport's second motion *in limine* seeks to exclude as irrelevant evidence related to front pay or back pay because those damages are equitable remedies with the domain of the court, not the jury.  (See Doc. 63 at

3

1-2; Doc. 64 at 4-5). However, Equipment Transport concedes in its reply brief that back-pay damages are the domain of the jury under the FMLA. (See Doc. 88 at 4). Hence, evidence related to back pay—*i.e.*, Witbeck's wages, benefits, and the like—is probative of Witbeck's damages, see FED. R. EVID. 401, 402, and obviously outweighs the negligible risk of unfair prejudice that might arise from the jury hearing information related to back pay, see FED. R. EVID. 403.

Front pay is an equitable remedy awarded in lieu of reinstatement under the FMLA, ADA, and PHRA.[1] See Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 850-51, 853-54 (2001) (Title VII); Traxler v. Multnomah County, 596 F.3d 1007, 1011-14 (9th Cir. 2010) (FMLA); 42 U.S.C. § 12117(a) (ADA adopts same remedies as Title VII); 43 PA. STAT. AND CONS. STAT. ANN. § 962(c)(3) (giving courts the power to grant "reinstatement . . . or any other legal or equitable relief" as remedies under the PHRA). As an equitable remedy, front-pay damages under the FMLA, ADA, and PHRA are the domain of the court, but the court can submit front-pay damages to the jury in an advisory capacity or on stipulation. See Traxler, 596 F.3d at 1013-14 (FMLA); Brown v. Nutrition Mgmt. Servs. Co., 370 F. App'x 267, 273 (3d Cir. 2010) (nonprecedential) (same); Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 78 n.1 (3d Cir. 2009) (Title VII); see also THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTION 9.4.4. Whether the parties and court ultimately decide to reserve

---

[1] Both parties' briefing operates on the assumption Witbeck is not seeking reinstatement. (See Doc. 63 at 4; Doc. 77, Doc. 88 at 4). Similarly, Witbeck does not ask for reinstatement in his complaint but does ask for "future lost earnings." (See Doc. 1 at 8). Hence, the court assumes the parties agree that reinstatement is an inappropriate remedy.

4

the question of front-pay damages for the court or submit it to the jury, Witbeck must still present evidence related to front-pay damages at trial for either finder of fact to determine the extent of those damages. The presentation of information related to Witbeck's lost future earnings does not risk any unfair prejudice to Equipment Transport. See FED. R. EVID. 403. Accordingly, we will deny Equipment Transport's motion.

### 2. *Motion No. 3: Punitive Damages*

Equipment Transport's third motion *in limine* seeks to exclude evidence related to punitive damages because Witbeck has not identified evidence sufficient to support an award of punitive damages. (See Doc. 63 at 2; Doc. 64 at 5-6). We find this request to be premature. The availability of punitive damages is a fact-specific inquiry, and the factual record in this case is not yet fully developed. Equipment Transport's argument is more properly addressed at trial after the close of Witbeck's case-in-chief as Rule 50(a) motion. We will deny Equipment Transport's motion.

### 3. *Motion No. 4: Punishing Equipment Transport*

Equipment Transport's fourth motion *in limine* seeks to bar Witbeck from "urging" the jury to "punish" Equipment Transport or "send a message" to Equipment Transport. (See Doc. 63 at 2; Doc. 64 at 6). As noted, the availability of punitive damages is subject to the development of the factual record. Therefore, we will prohibit any reference to "punishing" or "sending a message" to Equipment Transport in opening statements. However, the use of language related to punishment is appropriate in closing arguments if Witbeck

has established a factual basis therefor during his case-in-chief because the purpose of punitive damages is to punish the defendant. See Smith v. Wade, 461 U.S. 30, 54 (1983) (quoting RESTATEMENT (SECOND) OF TORTS § 908(1) (AM. L. INST. 1977)). The model jury instructions for our circuit specifically instruct juries they "may award punitive damages to *punish* a defendant." See THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTIONS 9.4.2 (emphasis added). Likewise, suggesting the jury send a message to Equipment Transport or similarly situated actors is not categorically inappropriate. See Snyder v. Bazargani, 241 F. App'x 20, 23 (3d Cir. 2007) (nonprecedential) (collecting cases). Nor do we find the proffered language unfairly prejudicial in the present case. See FED. R. EVID. 403. We will deny Equipment Transport's motion without prejudice. Equipment Transport may reassert its argument, at the appropriate time, prior to closing arguments.

    4.  *Motion No. 5: Equipment Transport's Size and Financial Condition*

Equipment Transport's fifth motion *in limine* seeks to exclude evidence related to its size or financial condition because these areas of information are irrelevant and likely to cause unfair prejudice. (See Doc. 63 at 2; Doc. 64 at 7). The court understands the term "size" as used by the parties to refer to the number of people employed by Equipment Transport. The number of a defendant's employees is relevant to whether the ADA and FMLA apply to the defendant, see 42 U.S.C. § 12111(5)(A); 29 C.F.R. § 825.110, and to the statutory limitations placed on punitive damages under the ADA, see 42

U.S.C. § 1981a(a)(2), (b)(3).  However, Equipment Transport has offered to stipulate to the applicability of both the ADA and FMLA, (see Doc. 88 at 8), and the court is prohibited from informing juries of the existence of the statutory caps, see 42 U.S.C. § 1981a(c)(2).  Consequently, evidence related to the number of people employed by Equipment Transport is not relevant to any salient question before the jury.  See FED. R. EVID. 401, 402.

However, subject to the creation of a factual basis for punitive damages, consideration of a defendant's financial resources is essential to the purpose of punitive damages—deterrence.  Cf. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 269 (1981) (discussing purpose of punitive damages under 42 U.S.C. § 1983).  To this end, the model jury instructions for punitive damages specifically permit jurors to "consider the financial resources of [defendant] in fixing the amount of such damages."  See THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTIONS 9.4.2 (brackets in original).  Thus, we find Equipment Transport's financial condition is probative of the punitive damages question.  See FED. R. EVID. 401, 402.  Any prejudice generated by the jury hearing evidence related to Equipment Transport's financial condition is fair and intended prejudice.  See FED. R. EVID. 403.

We will grant in part and deny in part Equipment Transport's motion.  The parties will be prohibited from entering evidence or making statements concerning the number of people employed by Equipment Transport but allowed to submit evidence related to Equipment Transport's financial condition provided, however, that Witbeck establishes a factual basis therefor

7

in his case-in-chief. Equipment Transport may reassert its argument, at the appropriate time, prior to the close of the record.

### 5. *Motion No. 8: Putting the Jury in Witbeck's Shoes*

Equipment Transport's eighth motion *in limine* seeks to prohibit Witbeck from suggesting the jury should put itself "in the plaintiff's shoes" in deliberating on a verdict and reiterates Equipment Transport's request from its fourth motion that we prohibit Witbeck from suggesting the jury "send a message." (See Doc. 63 at 3; Doc. 64 at 9). Witbeck concurs in prohibiting the first category of statements but repeats his objection to the second. (See Doc. 69 at 3). Therefore, we will grant Equipment Transport's motion regarding suggestions the jury put itself in Witbeck's shoes. We have already denied Equipment Transport's motion regarding sending a message. See *supra* at 5-6.

### 6. *Motion No. 9: Personal Assessment of Job Performance*

Equipment Transport's ninth motion *in limine* asks the court to prohibit Witbeck from making arguments, suggestions, or inferences relating to his own assessment of his job performance as irrelevant and likely to cause unfair prejudice. (See Doc. 63 at 3; 64 at 9). Witbeck contends that his personal assessment of his job performance is relevant to establishing his *prima facie* case under the ADA and challenging Equipment Transport's proffered reasons for terminating him as pretext. (See Doc. 73 at 2).

To establish a *prima facie* case under the ADA, Witbeck must prove, *inter alia*, he was a qualified individual capable of performing the essential functions of his job with or without a reasonable accommodation. See 42 U.S.C. §§ 12111(8),

12112(a); Deane v. Pocono Med. Ctr., 142 F.3d 138, 145 (3d Cir. 1998). Witbeck's assessment of his own competency is probative of his being a qualified individual, see FED. R. EVID. 401, and does not risk unfair prejudice to the defendant, see FED. R. EVID. 403.

To be successful in his claim, Witbeck must also demonstrate Equipment Transport's proffered reasons for terminating him were pretext. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 807 (1973), holding modified by Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994); In re Trib. Media Co., 902 F.3d 384, 402 (3d Cir. 2018). Witbeck cannot show Equipment Transport's proffered reasons for terminating him were pretext simply by showing Equipment Transport's decision was mistaken or imprudently overvalued the employee's flaws in comparison to their virtues. See Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 331 (3d Cir. 1995) (quoting Fuentes, 32 F.3d at 765). *Per contra*, Witbeck is limited to attacking the proffered reasons by demonstrating "weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reason for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for [the asserted] non-discriminatory reasons." See Fuentes, 32 F.3d at 765 (alternation in original) (citations omitted).

Equipment Transport's proffered reasons for terminating Witbeck are focused solely on a single incident involving Witbeck's handling of an accident. (See Doc. 45 at 10-11). Witbeck's day-to-day job performance, no matter how

9

competent, is not relevant to the pretext question because it does not expose any weakness, implausibility, inconsistency, incoherence, or contradiction in Equipment Transport's justifications for terminating Witbeck.[2]  Instead, any comparison between Witbeck's quality as an employee and the alleged reasons for his termination can only serve to create the inference Equipment Transport made a bad decision, see Brewer, 72 F.3d at 331, and is likely to confuse the jury as to the true issue in this case—whether Equipment Transport's proffered reasons for terminating Witbeck are fabricated, see FED. R. EVID. 403.

For the above reasons, we will grant in part and deny in part Equipment Transport's motion.  Witbeck may submit evidence related to his personal assessment of his job performance for the purpose of establishing he meets the definition of a qualified individual but not for the purpose of establishing Equipment Transport's proffered reason for terminating Witbeck was pretext absent a more fulsome basis for admission in the context of trial testimony.[3]

---

[2] This case is markedly different from Brewer, which Witbeck relies upon heavily.  (See Doc. 73 at 9-10 (citing Brewer, 72 F.3d at 332)).  Plaintiff in Brewer was allegedly fired for a broad set of work-performance problems.  See Brewer, 72 F.3d at 330.  Brewer's positive sales numbers created obvious inconsistencies with his employer's assessment that he was incompetent.  See id. at 331.  Equipment Transport's proffered reason for firing Witbeck has nothing to do with his general competence—it is focused on a single allegedly dishonest act.  (See Doc. 45 at 10-11).  Witbeck's overall performance does not speak to whether Equipment Transport's reason for termination was that single alleged act or discriminatory animus.

[3] The court will instruct the parties to jointly craft a limiting instruction for the jury that makes the described distinction clear.

### 7. *Motion No. 10: Pretrial Decisions*

Equipment Transport's tenth motion *in limine* asks the court to exclude evidence related to any pretrial decisions as irrelevant and unfairly prejudicial. (See Doc. 63 at 3; Doc. 64 at 10-11). Witbeck reportedly "concurs with [Equipment Transport]'s request" but caveats that his concurrence depends "on the nature of the decision/order." (See Doc. 64 at 10). Witbeck did not file a brief in opposition to this motion. Hence, we will grant Equipment Transport's motion and exclude evidence related to any pretrial decisions of this court. See M.D. PA. L.R. 7.6.

### 8. *Motion No. 13: Allegations of Discrimination Outside the Statute of Limitations*

Equipment Transport's thirteenth motion *in limine* asks the court to exclude any evidence regarding alleged discrimination, harassment, or retaliation directed at Witbeck that occurred outside of the statutory limitations period as irrelevant and risking unfair prejudice. (See Doc. 63 at 4; Doc. 64 at 12). The existence of events outside of the statute of limitations precludes those events from giving rise to liability, but it does not preclude them from being relevant. See United States v. James, 955 F.3d 336, 342 (3d Cir. 2020), *cert*. denied, ___ U.S. ___, 141 S. Ct. 329 (2020); Glass v. Phila. Elec. Co., 34 F.3d 188, 195 (3d Cir. 1994). The defendant's past discriminatory conduct direct at the plaintiff outside of the statutory period can constitute background circumstantial evidence that the defendant's proffered nondiscriminatory justification for an adverse employment action is pretext.

See Glass, 34 F.3d at 195 (citing Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988)).

Equipment Transport's alleged history of antagonism toward Witbeck regarding his heart condition, particularly after his 2013 heart attack and around his 2016 defibrillator surgery, could lead a reasonable factfinder to discredit Equipment Transport's proffered reasons for terminating Witbeck and make it more likely Equipment Transport's decision to terminate Witbeck was motivated by discriminatory animus. See FED. R. EVID. 401. The probative value of the proffered evidence clearly outweighs the minimal risk of unfair prejudice to Equipment Transport. See FED. R. EVID. 403. Moreover, prohibiting admission of the evidence would risk unfair prejudice to Witbeck because it would not allow him to place Equipment Transport's decision to terminate him in its full context or articulate the basis for Witbeck's belief he was the victim of discrimination. See id. We will deny Equipment Transport's motion.

### 9. *Motion No. 14: Hearsay*

Equipment Transport's fourteenth motion *in limine* seeks to generally exclude hearsay statements allegedly made by non-witnesses under Rules 801 and 802. (See Doc. 63 at 4; Doc. 64 at 13-14). Federal Rule of Evidence 801(c) defines hearsay as an out-of-court statement offered in court for the truth of the matter asserted. See FED. R. EVID. 801(c)(1), (2). Hearsay is not admissible as evidence under Rule 802, the so-called "rule against hearsay," unless it falls within one of the exceptions carved out in Rules 803 through 807. See FED. R.

EVID. 802-807. Equipment Transport's motion is premature, and we decline to issue a general order excluding all out-of-court statements at this time. Equipment Transport and Witbeck are free to raise appropriate hearsay objections to out-of-court statements at trial.

10. ***Motion No. 15: Probable Testimony of Non-Testifying Witnesses***

Equipment Transport's fifteenth motion *in limine* seeks to preclude the parties from commenting on or referencing the probable testimony of witnesses who are absent, unavailable, or otherwise not called to testify at trial as unfairly prejudicial. (See Doc. 63 at 5; Doc. 64 at 14-15). The court finds a blanket prohibition on referencing the probable testimony of a non-testifying witness to be in conflict with Rule 804(b) of the Federal Rules of Evidence which, under certain circumstances, excepts the former testimony of unavailable witnesses from the rule against hearsay. See FED. R. EVID. 804(b). Consequently, we will deny Equipment Transport's motion without prejudice. Equipment Transport may renew the motion when it becomes clear at trial that certain witnesses are unavailable to testify.

11. ***Motion No. 16: Failure to Call a Witness***

Equipment Transport's fifteenth motion *in limine* seeks to preclude Witbeck from making any statements related to the failure of Equipment Transport to call any particular witness to testify at trial when that witness is

equally available to both parties.[4]  (See Doc. 63 at 5; Doc. 64 at 15).  Equipment Transport's motion accords with our court of appeals' holding that missing witness instructions are "not appropriate when the witness is available to both [parties]."  See United States v. Vastola, 899 F.2d 211, 235 (3d Cir. 1990), vacated on other grounds by 497 U.S. 1001 (1990).  Nonetheless, the court finds it impossible to prejudge the admissibility of every statement pertaining to the absence of a witness without knowing the nature of the statement, the context in which it is made, nor the reason for the absence of the witness to which it pertains.  We will deny the motion without prejudice.  Equipment Transport is free to renew the motion or raise similar objections at trial.

### III. Conclusion

The court will grant in part and deny in part Equipment Transport's omnibus motion (Doc. 63) *in limine* as more specifically set forth herein.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   March 3, 2020

---

[4] Equipment Transport asserts in its supporting brief and reply brief that it intends the motion only to seek to preclude Witbeck from urging the jury to draw a negative inference from the absence of a witness.  (See Doc. 88 at 14).  The clarification, while appreciated, does not change our ruling.